The opinion of the Oourt was delivered by
Nott, J.
This case has been submitted without argument; and I am, therefore, at some loss to conjecture upon what ground the defendant’s counsel expected to support his motion. That an action of debt can be brought on a judgment, there can be no doubt. And I am not aware, that merely lodging an execution in the sheriff’s office can be a bar to that action. That motion, therefore, must be dismissed.
The question, arising on the second ground, appears *to me to have been settled by former decisions of this Court. In the L case of Lambkin v. Nance,[1] decided in this Court in the year 1806, it was held, that interest might be recovered on a judgment. In the case of Hamilton v. Tiddy[2] tried in Charleston, in the year 1809, it was determined that the plaintiff might recover interest on a judgment, the whole amount of which, except the interest, had been paid and accepted before trial. In the case of the Executors of Snipes v. Sanders, 1 Nott & M'Cord, 242, several payments had been made, and the balance offered to be paid, though not actually tendered before action brought. The balance, however, was paid into Court, together with the costs ; yet the Court held, that the plaintiff was entitled to interest.
It is a mistaken view of the subject, to suppose, that when a payment is made, it goes in extinguishment of the principal. The rule has always been with us to apply it to the extinguishment of interest first; and, therefore, though the whole amount appearing on the face of a judgment be paid, yet it must be deducted from the aggregate amount of principal and interest, and the balance is principal; and that has been the mode of calculation long established in this State.
Mayrant, for the motion. Blanding, contra.
The last motion, therefore, must be granted, and let the calculation be made according to the method first adopted by the clerk.
Johnson and Huger, JJ., concurred.

 2 Brev. 99.

 MS. See 1 N. & MeC. 245.