Curia, per

Richardson, J.
The first question is as follows. Do these words of the judgment, to wit, &c. “for the sum of two hundred and eleven dollars, twenty-four cents, with interest from the 23d day of May, 1825, one thous- and eight hundred and twenty-five, damages; and also, the sum of twenty-nine dollars and forty-six cents, for costs.” Do these words express the sum of money given by the verdict, in order to constitute the proper judgment? The answer is plain. The precise terms of the verdict have been pursued, and therefore the form of the judgment cannot be erroneous, at least up to this point. But these words are then introduced “ which damages, costs and charges amount in the whole to two hundred and forty dollars and seventy cents.” Is that the amount of the judgment? This amount presents an instance of very mistaken arithmetic. Ten years interest, or more than two thirds of the verdict, are overlooked in the addition. It is also very clear, that the plaintiff might at any time have had leave of the court to make the two sums correspond in amount, and he ought to have asked it and corrected the record. But, shall he now lose the interest, at least, as against the bail, who are the present defendants; either, by the mistake in summing up the aggregate amount, or, by the neglect to amend the record ? This introduces the second question of the case, as preliminary to the first: is the bail liable to the same extent as the principal debtor ?
Since the case of Kinsler vs. Kyser, 4 McCord, page 315, there can be but one answer. In the words of the court, *668 <fec., “in an action against bail, the judgment against the principal constitutes the true measure of damagesin other words he is to pay the condemnation money. This amount he has assured to the plaintiff, in the event of his principal neither appearing nor paying. If then the judgment as entered up, is good for the interest against the principal debt- or, it is good against the bail: and we return to the first question. Is the judgment for the interest as well as for the principal sum 1 It is evident that if we reject the additional words “ which damages, cost and charges amount to, &c. $240 24,” we have still a judgment covering the interest, consistent with the verdict and in its very language. The additional words are not absolutely essential. They were intended to sum up the principal, interest and costs into one amount, and fell very short of it. But shall the verdict be thereby cut down? I think not. In support of obvious justice, the good sense of the maxim “ utile per inutile, non mtiaturn may be well applied; and the false summing up be rejected as a superfluity. At least this is more reasonable than to convert the mistake into a release of the entire interest for ten years. By rejecting, then, these superfluous words, the judgment as entered up without them covers the interest, and the bail, according to Kinsler against Kyser, is liable for the whole amount. But thirdly, the Judge charged the jury to allow interest accruing on the principal sum of $211 24 up to the time of the verdict. There can be no doubt on this ground of the appeal, by a series of adjudications, beginning perhaps in 1806, with Lampkin vs. Nance and Hamilton vs Tiddy, Rice’s digest, 31. But see Fishburn vs. Saunders, 1 Nott and McCord, 242; Norwood vs. Manning, 2 Nott & McC. 395, and many other cases of the reported adjudications, collected in Rice’s digest. And by our Act of 1815, whatever may have been the rule at common law, interest is allowable on judgments, and has been often allowed even upon the accumulated sum of principal, interest and costs, and of course the defendent has no reason to complain on that head.
Lastly we come to the ground probably more relied upon in the appeal than those already discussed and disposed of. The capias ad satisfaciendum issued in March, 1836, *669 •against John Wamack, the principal in the bail bond, and was returned by the then sheriff Wm. J. Harley, simply indorsed in these words “ non es£,”and subscribed with his name, but not sworn to. Harley’s term of office expired in 18 — . The action against the bail was commenced for October Term, 1841. In 1843, Harley was again sheriff of the district; the court ordered that the sheriff make a return on the capias ad satisfaciendum, “in conformity with the truth of the case, in due form of law.” Harley accordingly made the formal return according to practice and law. And the question then arises, does the return so subsequently entered up in form, relate back to the time of the informal return of “ non est,” in 1836, so as to fix the liability of the bail, nunc pro tunc, or as if such formal return had been duly made by the sheriff in 1836 %
The substitution of a written recoid, as judgments, writs, executions and orders, for lost, informal, mutilated or missing original records, is of very frequent occurrence in courts of record; and the frequent misplacing or loss of such papers, and their very destructible texture, would seem to place the practice of so substituting them, of necessity, at the sound judicial discretion of the presiding Judge, subject of course to an appeal. But there could be no available substitute, unless it take the place of the original record, in the manner and to the end, hot of a copy, but of a duplicate. This is, then, in general, the unquestionable office of the substituting record. It becomes the original, by being put in its place by the proper authority. The same reasons and necessity apply to the practice of amending and carrying out imperfect records into their established and proper form. But the argument on this head would seem to distinguish, out of the practice I have noticed, the case before us; because the substitution of the return to the ca. sa. was ordered after the commencement of the present action against the bail. But this, if it could possibly make any difference in the character and effect of the return so ordered, shews that the bail had notice of the order for the substitution, and might have opposed it, and pointed out the impropriety of allowing it. I do not mean that this makes against the defendant’s argument; but it certainly does not add to its weight. It leaves the return to the *670 ca. sa. as it stood, i. e. as if made in the same form by the sheriff, in 1836, at which time he ought to have entered such a return to the ca. sa. But legal justice is not to be obstructed because he only made a note, “non est,” of the proper and full return, if such return appear at the trial, and was so ordered by the proper authority.
The motion is, therefore, dismissed.
Evans, Butler and Frost, JJ. concurred.