### COPELAND v. TODD.

1. *It seems* that the act of 1878 (16 Stat., 710), authorizing executions to be issued by the Probate Court, does not apply to cases where judgments had been obtained before the passage of that act.
2. Where a party admitted his liability as executor on settlement had in the Probate Court, and afterwards made payments on the sum decreed to be due by him to a creditor of his testator, neither he nor his executrix can now dispute such liability on the allegation that the Court of Probate had no power so to decree.
3. Such a decree having been rendered, and no execution issued within ten years thereafter (even if it could have been issued), the creditor may, after the expiration of the ten years, sue on this decree in the Court of Common Pleas.

Before WALLACE, J., Laurens, February, 1888.

Action by George P. Copeland, executor, against Mary C. Todd, executrix. The opinion states the case.

*Mr. W. H. Martin*, for appellant.

*Mr. H. Y. Simpson*, contra.

March 23, 1889. The opinion of the court was delivered by

MR. JUSTICE MCIVER. The only question raised by this appeal being whether Judge Wallace erred in overruling a demurrer, based on the ground that the complaint did not state facts sufficient to constitute a cause of action, it will be necessary to state substantially the allegations of the complaint. These allegations are as follows: That the plaintiff is the duly qualified executor of the will of W. R. Young; that the defendant is the

duly qualified executrix of R. P. Todd, who died on the 15th of August, 1886 ; that the said R. P. Todd was the duly qualified executor of Hastings Dial, jr. ; that upon the settlement of the estate of said Dial, made by his executor, Todd, in the Court of Probate, it was ascertained that the assets of that estate in the hands of the executor were insufficient to pay the debts in full ; that among the claims established on that settlement was the claim of the plaintiff; that the judge of probate, on the 1st of August, 1877, rendered his decree, adjudging that said R. P. Todd, as executor as aforesaid, pay to the plaintiff the *pro rata* of his claim, then amounting to $1,221.25; that under said decree, R. P. Todd made to plaintiff two payments on his claim, the amounts and dates thereof being stated, the last of which was made on the 14th of June, 1882 ; and the plaintiff demanded judgment against the defendant for the said sum of $1,221.25, with interest thereon from the 1st of August, 1877, after deducting the payments stated in the complaint.

The appellant, in his argument to support his demurrer, takes two alternative positions : 1st. That the Court of Probate had no jurisdiction to render a judgment on the unpaid note of a creditor, and hence, as the action is based upon the alleged judgment of the Court of Probate, the facts stated constitute no cause of action.    2nd. That if the Court of Probate had the power to render such a judgment, the plaintiff's remedy was to enforce such judgment by execution, and hence no action could be maintained on the judgment.

Whether the Court of Probate had the power, prior to the passage of the act of December 20, 1878 (16 *Stat.*, 710, substantially incorporated in the Code as sections 67 and 69), to render a judgment which could be enforced by execution, may admit of some doubt.    The act of 1872 (15 *Stat.*, 23), which was passed for the avowed purpose of removing the doubts then admitted to exist, does not seem to have been couched in language calculated to make the matter clear, for it is there declared that the judge of probate may issue executions "when that is the necessary and proper process to carry into effect any order, sentence, or decree of such court"—the extent and meaning of which is far from plain.    The act of 1878, above referred to, could not be applied

to this case, where the alleged judgment was rendered on August 1, 1877, without giving it a retroactive effect, for which there is no warrant in the language of the act. Indeed, this act is not only subsequent to the transaction now under consideration, but it would have been impossible for the plaintiff to have availed himself of its provisions, as the time limited therefor—one year—had expired before the passage of that act, and the judge of probate is expressly prohibited from issuing an execution unless the provisions respecting enrolment of the decree have been complied with.

But under the view which we shall take of this case, we do not deem it necessary to determine the question just considered. It seems to us, that the more correct view to take of the case is that it is an action to enforce an admitted liability by defendant's testator to the plaintiff; and in that view the allegations of the complaint are clearly sufficient to constitute a cause of action. By the settlement made by Mr. Todd of the estate of his testator, Dial, he admitted that he had in his hands the sum stated applicable to the plaintiff's claim, and this made him personally liable to pay the same to the plaintiff. But he not only admitted such liability by acquiescing in the decree of the judge of probate, but he renewed such admissions by his subsequent payments thereon, and neither he nor his executrix can now dispute such liability. *Buchanan* v. *Buchanan*, 4 Strobh., 63.

As to the second proposition upon which the appeal is based, we do not think it can be sustained when applied to this case. Assuming, for the present, that the judge of probate had the power to enforce the decree rendered by him on August 1, 1877, by execution, yet as no execution appears ever to have been issued, and more than ten years had elapsed after the rendition of the decree before this action was commenced (December 31, 1887), it is quite clear that before the plaintiff could obtain any execution, even within the three years allowed by the act of 1873—the law then in force—he would have had to institute some proceeding to revive the judgment, which it would seem, from the terms of the latter part of section 14 of the act of 1873 (15 *Statutes*, at page 499), could only be instituted in the Court of Common Pleas. But be that as it may, whatever doubts may have

been entertained as to the right of a judgment creditor to bring an action of debt on his judgment as long as he had an enforceable execution, there was no doubt that he could bring such an action when he had no such execution. *Norwood* ads. *Manning,* 2 Nott & McC., 395; *Pinckney* v. *Singleton,* 2 Hill, 343; *Lee* v. *Giles,* 1 Bail., 449; *Vandiver* v. *Hammet,* 4 Rich., 509; *Shooter* **v.** *McDuffie,* 5 Rich., 61.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.